JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Gough, | No.  CV-24-03034-PHX-JAT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Unknown Party, et al., | |
| Respondents. | |

On November 4, 2024, Petitioner Jeremy Gough, who is confined in the Federal Correctional Institution-Phoenix (FCI-Phoenix), filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and paid the filing fee.  In a December 20, 2024 Order, the Court dismissed the Petition with leave to amend because it was not filed on a court-approved form.  The Court gave Petitioner 30 days to file an amended petition using the court-approved form included with the Order.

On January 17, 2025, Petitioner filed an Amended § 2241 Petition (Doc. 4).  The Court will dismiss the Amended Petition and this action.

**I.     Amended Petition**

In his Amended Petition, Petitioner names FCI-Phoenix Warden Jason Gunther as Respondent.  Petitioner raises one ground for relief concerning the application of earned time credits under the First Step Act to his sentence.  Petitioner asserts that the Federal Bureau of Prisons (BOP) is not applying earned time credits to eligible prisoners if they have medium or high recidivism risk scores.  Petitioner contends he is participating in

eligible programming while working two jobs and has earned a year off his sentence and an extra eighteen months in a halfway house, but because he has a medium recidivism risk score, his earned time credits are not being applied. Petitioner claims the BOP is "interpreting laws as they see fit – not as set by [] Congress."

## II.   Discussion

The First Step Act provides that eligibility for application of credits is confined to a prisoner who:

> (B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> * * *
>
> (D)(i) in the case of a prisoner being placed in prerelease custody, the prisoner—(I) has been determined under [PATTERN] to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
>
> * * *
>
> (D)(ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under [PATTERN] to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1).

To the extent that Petitioner contends the BOP must apply earned time credits to his sentence notwithstanding his recidivism risk score, Petitioner "misunderstands a crucial part of the [First Step Act] concerning not just [his] ability to earn time credits, but the application of those credits." *See Brown v. Garrett*, 7:22-cv-00551-AMM-JHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *Report and Recommendation adopted by* 2023 WL 130519 (N.D. Ala. Jan. 9, 2023). Although a prisoner is free to *earn* time credits as an inmate with a medium or higher risk recidivism level, under 18 U.S.C. § 3624(g)(1)(D)(i)-(ii), the BOP cannot *apply* those time credits to his sentence unless and until he has a minimum or low risk recidivism level for two consecutive assessments for

prerelease custody, or a minimum or low risk recidivism level for the last assessment for supervised release. *See id.* This is because the First Step Act "expressly provides that while an inmate who has a PATTERN score of medium or high risk of recidivism is eligible to complete [evidence-based recidivism reduction] programs and [productive activities], the successfully completed programs and [productive activities] are not applied towards the inmate's time credits until [he] has received a minimum or low risk PATTERN score for two consecutive assessments." *Id.*; *see also Purdy v. Carter*, BAH-24-582, 2024 WL 4651275, at *5 (D. Md. Nov. 1, 2024) (citing 18 U.S.C. § 3624(g)(1)(B), (D)(i)(I), and (D)(ii)) (noting that the First Step Act "unambiguously mandates that only inmates with low and minimum recidivism scores are eligible to have earned time credits under the FSA applied toward pre-release custody or supervised release").

Thus, to the extent that Petitioner "takes issue with the requirement of achieving minimum or low recidivism risk scores prior to having his earned credits applied to his sentence, his challenge is to the statute, not the regulation." *Purdy*, 2024 WL 4651275, at *5. "[T]he Attorney General and the Bureau of Prisons are entrusted with sole authority to compute federal sentences." *Clinkenbeard v. King*, Civ. No. 23-3151 (JRT/LIB), 2024 WL 4355063, at *4 (D. Minn. Sept. 30, 2024) (citing 28 C.F.R. § 0.96); *see also* 18 U.S.C. § 3632(a), (a)(6) (directing the Attorney General to develop a "risk and needs assessment system" that, among other things, will "determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities"); 18 U.S.C. § 3632(d)(4)(A)(ii) (giving further discretion to the BOP to dole out additional time credits to prisoners it deems are at lower risks of recidivating); *Mero v. Yates*, 2:22-CV-72-DPM-ERE, 2022 WL 17653228, at *5 (E.D. Ark. Sept. 27, 2022) ("The earned time credit program is new and multifaceted, and the authority to implement the program and calculate an inmate's time credits is delegated to the BOP, not the federal courts."). "The BOP's use of the PATTERN tool to restrict application of [First Step Act] credits to prisoners with minimum or low risk recidivism scores does not amount to an agency's 'interpretation' of a statute." *Purdy*, 2024 WL 4651275, at *5. "Rather, the BOP

has done what Congress commanded it to do: create a method by which it can be determined whether a prisoner is likely to recidivate and to withhold FSA credits until that likelihood is diminished to a minimum or low risk." *Id.*

For the foregoing reasons, the Court will dismiss the Amended Petition and this case.

**IT IS ORDERED:**

(1) Petitioner's Amended Petition Under 28 U.S.C. § 2241 (Doc. 4) and this case are **dismissed**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 11th day of February, 2025.

James A. Teilborg
Senior United States District Judge